IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| S.E. WHITE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )  CASE NO.: **5 : '05 C V— 117— R** |
| | ) |
| PADUCAH & LOUISVILLE RAILWAY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. PARTIES AND JURISDICTION

1. The Plaintiff, S.E. White, is an individual citizen and resident of Princeton, Kentucky.

2. The Defendant, Paducah & Louisville Railway, is an Kentucky corporation whose principal place of business is in Paducah, Kentucky. The Defendant is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight.

3. The Plaintiff, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

4. The incident which is the subject of this action occurred in Madisonville, Kentucky.

5. This action is brought pursuant to the provisions of the Federal Employers Liability Act, 45 U.S.C., §51, et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

## II. FACTS

6. On December 11, 2002, the Plaintiff, S.E. White, III, was employed as a conductor for the Defendant, Paducah & Louisville Railway, on a train being operated by the Defendant near Madisonville, Kentucky. As part of his job, it was Mr. White's responsibility to walk back along the side of this train in an attempt to ascertain the reason why the trainline air brake system on his train was not functioning properly. As the Plaintiff attempted to make his way back along the side of the train to inspect the trainline air brake system, he was required to walk on defective and inadequate walkways. The walkways were uneven and sloping. They had not been properly smoothed and tamped. As the Plaintiff attempted to make his way back along side the train, he stepped in a hole in the walkway. In the resulting stumble, he suffered a severe and permanent injury to his right shoulder.

## III. FIRST CAUSE OF ACTION

7. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligence of the Defendant, Paducah & Louisville Railway, its agents, servants or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the Defendant's negligence in its walkways, maintenance practices, inspection practices, safety practices and trainline air brake systems at the time and place where the Plaintiff suffered his above mentioned injuries and damages.

## IV. SECOND CAUSE OF ACTION

8. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

9. To the extent the Defendant, Paducah & Louisville Railway, attempted to delegate its duty to provide a safe place to work to third parties, including other railroads, those third parties or other railroads are agents of the Defendant, Paducah & Louisville Railway, and the Defendant, Paducah & Louisville Railway is liable for the actions of those third parties or other railroads.

### V. THIRD CAUSE OF ACTION

10. All of the Plaintiff's injuries and damages were caused by violation by the Defendant railroad of that Act of Congress commonly referred to as the Power Train Brake Act, 49 U.S.C. §20302, in that the Defendant railroad allowed to be operated on its rail lines a train which was not equipped with properly functioning power train brakes.

### VI. DAMAGES

11. The Plaintiff avers that as a direct result of the negligence of the Defendant, he has been caused to suffer the following injuries and damages:

    (a) Past lost wages;

    (b) Future lost wages and fringe benefits;

    (c) Impairment of earning capacity;

    (d) Past and future physical pain and mental anguish;

    (e) Past and future medical expenses.

12. As damages, the Plaintiff claims of the Defendant the sum of One Million Dollars ($1,000,000.00).

### VII. JURY DEMAND

12. The Plaintiff demands a trial by a jury.

WHEREFORE, the Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

(a) That the Plaintiff be awarded damages in an amount to fully and fairly compensate him for his injuries;

(b) That the cost of this action be assessed against the Defendant.

(c) That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ James H. Wettermark

James H. Wettermark
WETTERMARK HOLLAND KEITH & BARBER LLC
2101 Highland Avenue South, Suite 750
Birmingham, Alabama 35205
Phone: (205)933-9500

**SERVE DEFENDANT AT:**
Paducah & Louisville Railway, Inc.
Registered agent: Tom Garrett
1500 Kentucky Avenue
Paducah, KY 42003

4